AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

**FILED**
DISTRICT COURT OF GUAM
JAN - 2 2002
MARY L.M. MORAN
CLERK OF COURT

# United States District Court

District: GUAM

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| PATRICK J. PALOMO | 00414-093 | CR-88-00056 |

Place of Confinement: AGANA FEDERAL DETENTION FACILITY

CV 02-00001

UNITED STATES OF AMERICA     V.     PATRICK J. PALOMO
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **UNITED STATES DISTRICT COURT OF GUAM**

2. Date of judgment of conviction **FEBRUARY 03, 1989**

3. Length of sentence **(15) years imprisonment, (03) years Special Parole**

4. Nature of offense involved (all counts) **Possession with intent to Distribute Heroin involving 3 one-third (1/3) capsules of Heroin totalling "Less than one-gram"**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

(2)

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  DISTRICT COURT OF GUAM

    (2) Nature of proceeding  Motion under 28USC 2255, TO DETERMINE THE ACTUAL AMOUNT OF HEROIN INVOLVED, FOR PAROLE COMMISSION GUIDELINE PURPOSES.

    (3) Grounds raised  THAT THE ACTUAL TOTAL AMOUNT OF HEROIN INVOLVED WERE, 3 ONE-THIRD CAPSULES, TOTALLING "LESS THAN ONE-GRAM"

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☒

    (5) Result  COURT ORDERED FOR THE U.S. PAROLE COMMISSION TO "ONLY" CONSIDER THE 3 ONE-THIRD GRAM OF HEROIN.

    (6) Date of result  PAROLE COMMISSION RELEASD MOVANT ON PAROLE, APRIL 02, 1994

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☒
(2) Second petition, etc.  Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

<u>Court ruled in favor of movants 2255 Petition, establishing the actual amount of Heroin to be less than one-gram, for purposes of the parole commissions proper guideline range of movant for parole release, so ordered by the Honorable U.S. District Court Judge Unpingco.</u>

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **Mitigating circumstances and evidence show, if reconsidered that Movant would have received a lesser sentence than 15 years.**

Supporting FACTS (state *briefly* without citing cases or law) **Movant pleaded guilty to an "information" charging him with possession with intent to distribute Heroin Which was less than one-gram. MOvant traded a firearm for the Heroin for his personal use, and not for the purpose to distribute. Records of the guilty plea will show no intent of Movant to distribute Heroin, but records will show he was a user only.**

B. Ground two: **The evidence justifies a lesser charge of "possession" of Heroin, rather than to distribute.**

Supporting FACTS (state *briefly* without citing cases or law): **Movants attorney did not inform him as to the difference of the two-charges between "possession" and "intent to distribute Heroin" Movant moves the court to consider the charge of possession and that he was a user.**

C. Ground three: **Denial of effective assistance of counsel**

Supporting FACTS (state *briefly* without citing cases or law): **Counsel advised Movant the issues stated above in grounds (A,ONE) and Ground (B,TWO) will be corrected at the "Rule 35 Hearing" which counsel did not bring up to the court. The court denied Movant's rule 35 motion on November 1989.**

D. Ground four: <u>Movant moves the court to consider reducing his (15) year sentence considering the amount of Heroin involved was only one-gram.</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>The amount of Heroin was less than one-gram. The community was not harmed by this crime. Movant has served 13 years of his sentence. Six years in confinement, seven years on parole. Movant since released on parole has (02) daughters ages (1) and (2), a wife and home, since paroled 4-2-1994. Movants years on parole has been productive, and adjusted within the community. Further, parole conditions prevents him from pursuing goals for his new family progressing of better life.</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: <u>Movant was paroled April 2, 1994 and has been occupied in providing for his family and is without a attorney, nor funds to settle his case.</u>

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing <u>N/A</u>

    (b) At arraignment and plea <u>Jeffrey A. Cook</u>

    (c) At trial <u>N/A</u>

    (d) At sentencing <u>Jeffrey A. Cook, Suite 200, 210 Archbishop Flores Street Agana, Guam Telephone 472-1824</u>

AO 243 (Rev. 5/85)

(e) On appeal _____

(f) In any post-conviction proceeding  Jeffrey A. Cook, Pro-Bono

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

  (a) If so, give name and location of court which imposed sentence to be served in the future: _____

  (b) Give date and length of the above sentence: _____

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
  Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-27-01
(date)

_____
Signature of Movant

(7)